Michele Haydel Gehrke (SBN 215647)
Email: mgehrke@reedsmith.com
Brian K. Morris (SBN 281409)
Email: bmorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
VERTEX AEROSPACE LLC (formerly known as
L3 COMMUNICATIONS VERTEX AEROSPACE, LLC
and erroneously sued as L3 TECHNOLOGIES, INC.);
PATRICK K. BANTILAN; PAUL SICHENZIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DARRELL KROEGER, an individual,

Plaintiff,

vs.

L3 TECHNOLOGIES, a corporation; PATRICK BANTILAN, an individual; and DOES 1 through 10,

Defendants.

Case No.

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

State Court Case No. BC678059
Date Action Filed: October 6, 2017

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TABLE OF CONTENTS


Page

I. PROCEDURAL HISTORY ..... 1

A. Filing and Disposition of the Original Complaint ..... 1

B. Plaintiff Adds a Party and Files an Amended Complaint ..... 4

II. REMOVAL IS TIMELY ..... 4

III. VENUE IS PROPER IN THIS DISTRICT ..... 4

IV. BACKGROUND ..... 5

A. The Parties ..... 5

B. Plaintiff's Employment History ..... 5

V. REMOVAL IS PROPER UNDER THE LMRA ..... 6

A. This Action is Subject to Removal Under the LMRA Because Plaintiff's Claims are Based On and Require Interpretation of a Collective Bargaining Agreement ..... 7

B. The Court Has Supplemental Jurisdiction Over Any Non-Preempted Claims ..... 12

VI. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT ..... 12


REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Audette v. Int'l Longshoremen's and Warehousemen's Union*,
195 F.3d 1107 (9th Cir. 1999) .......... 10

*Bobadilla-German v. Bear Creek Orchards, Inc.*,
641 F.3d 391 (9th Cir. 2011) .......... 11

*Builders & Contractors v. Local 302*,
109 F.3d 1353 (9th Cir. 1997) .......... 7

*Coria v. Recology, Inc.*,
63 F. Supp. 3d 1093 (N.D. Cal. 2014) .......... 7

*Desmond v. BankAmerica Corp.*,
120 F. Supp. 2d 1201 (N.D. Cal. 2000) .......... 4

*Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Cal.*,
463 U.S. 1 (1983) .......... 6, 9

*Hyles v. Mensing*,
849 F.2d 1213 (9th Cir. 1988) .......... 10

*Jackson v. S. Cal. Gas Co.*,
881 F.2d 638 (9th Cir. 1989) .......... 11

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
832 F.3d 1024 (9th Cir. 2016) .......... 7

*Kroeger v. L3 Techs., Inc.*
2018 WL 1357363 (C.D. Cal. Mar. 15, 2018) .......... 2, 3

*Lippitt v. Raymond James Fin. Servs., Inc.*,
340 F.3d 1033 (9th Cir. 2003) .......... 9

*Hawaii ex rel. Louie v. HSBC Bank Nev., NA*,
761 F.3d 1027 (9th Cir. 2014) .......... 6

*Manos v. The Wolf Firm*,
2018 WL 1737775 (C.D. Cal. Apr. 9, 2018) .......... 4

*Mayfield v. Kaiser Foundation Health Plan, Inc.*, 2009 WL 10671702 (C.D. Cal. Oct. 27, 2009) .................... 11

*Murray v. Laborers Local 324*, 55 F.3d 1445 (9th Cir. 1995) .................... 7

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) .................... 6

*Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083 .................... 10

*Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014) .................... 4

*Reece v. Houston Lighting & Power Co.*, 79 F.3d 485 (5th Cir. 1996) .................... 10

*Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185 (9th Cir. 2015) .................... 4

*Williams v. Caterpillar Tractor Co.*, 786 F.2d 928 (9th Cir. 1986) .................... 6

**Statutes**

28 U.S.C. § 84(c)(2) .................... 4

28 U.S.C. § 185 .................... 1

28 U.S.C. § 1367 .................... 11

28 U.S.C. § 1367(a) .................... 1

28 U.S.C. § 1391 .................... 4

28 U.S.C. § 1441 .................... 6

28 U.S.C. § 1446(a) .................... 4

29 U.S.C. § 152 .................... 5

29 U.S.C. § 185(a) .................... 5, 6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Vertex Aerospace LLC (formerly known as L3 Communications Vertex Aerospace, LLC and erroneously sued as L3 Technologies, Inc.) ("Vertex"), Patrick K. Bantilan ("Bantilan"), and Paul Sichenzia ("Sichenzia") (collectively referred to as "Defendants") hereby remove this action to the United States District Court for the Central District of California. Defendants remove this action pursuant to the Labor Management Relations Act ("LMRA" or "Section 301") (28 U.S.C. § 185), and 28 U.S.C. sections 1331(a), 1367(a), and 1441.[1]

## I. PROCEDURAL HISTORY

### A. Filing and Disposition of the Original Complaint

1. On October 6, 2017, Plaintiff Darrell Kroeger ("Plaintiff" or "Kroeger") filed the above-captioned complaint in the California Superior Court for the County of Los Angeles.

2. Plaintiff brought claims for (1) failure to pay overtime; (2) violation of Labor Code Section 6310; (3) violation of Labor Code Section 1102.5; (4) failure to indemnify Plaintiff for work-related expenses; (5) failure to timely provide payroll and personnel records; (6) violation of the Ralph Act; (7) violation of the Bane Act; (8) disability discrimination; (9) failure to provide reasonable accommodation; (10) failure to engage in the interactive process; (11) retaliation in violation of public policy; and (12) intentional infliction of emotional distress ("IIED"). Plaintiff brought the first through fourth causes of action in his individual capacity and as a representative plaintiff under the Private Attorney General Act. (*See Kroeger v. L3*

[1] Defendants filed this removal on March 25, 2020. The Court deemed the removal deficient apparently because it was filed under the existing case number (2:17-cv-08489-JFW-AGR) for this action. Thus, Defendants hereby file this corrected Notice of Removal. Because this is the same case that was before this Court, Defendants will file a notice of related case so that this action can be merged with the prior proceeding and assigned to Judge John F. Walter.

*Techs., Inc., et al.*, Case No. 2:17-cv-08489-JFW-AGR, Dkt. No. 1-1 ["Compl."]).[2]

3. Vertex and Bantilan removed the action to this court. (Dkt. No. 1). Thereafter, Plaintiff withdrew his overtime claim against Vertex and Bantilan; the second through fifth causes of action against Vertex; and the sixth, seventh, and eleventh causes of action against Bantilan. (Dkt. Nos. 32, 55); *Kroeger v. L3 Techs., Inc.*, 2018 WL 1357363, *6 (C.D. Cal. Mar. 15, 2018).

4. On February 5, 2018 Vertex and Bantilan moved to dismiss Plaintiff's remaining causes of action with prejudice. (Dkt. No. 33).

5. On March 15, 2018, the District Court dismissed all but one of Plaintiff's claims with prejudice based on LMRA preemption, NLRA preemption and failure to state a claim.

6. In finding LMRA preemption, the court reasoned:

> Plaintiff's claims largely turn on alleged ***adverse actions and legal violations, the propriety of which the CBAs govern*** and that are (or have been) the subject of multiple contractual grievances by Plaintiff. (Compl. ¶¶ 103-106). Such allegedly adverse actions include, but are not limited to: (a) failing to grant Plaintiff a ***light duty work assignment***; (b) ***assigning overtime to probationary employees***; (c) ***assignment to deployments***; (d) ***pay during deployments***; (e) "show up" compensation for the day Plaintiff was removed from a flight; and (f) ***writing up an disciplining Plaintiff***. (*See, e.g.*, Compl. ¶¶ 27, 31, 49, 50 64, 86, 88, 104, 112, 114, 137(3), 194, 217). ***To determine if these alleged adverse actions were based on legitimate non-discriminatory/non-retaliatory factors, and/or otherwise violated the law, the Court must "determine whether*** [***the company***] ***was acting consistently with its duties under the CBA*** ... by interpreting [its] provisions." [Citations]. Accordingly, the LMRA preempts Plaintiff's expense reimbursement, discrimination, and retaliation-based claims. [Citations.] …
>
> Similarly, the LMRA preempts Plaintiff's IIED claim. [Citations].

[2] All citations to "Dkt. No. __" refer to the docket and the documents filed in *Kroeger v. L3 Techs., Inc., et al.*, Case No. 2:17-cv-08489-JFW-AGR, a case previously removed to this Court that involves the same parties, the same counsel, the identical state court action, and substantially similar claims. *See* Local Rule 83-1.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

> Determining whether conduct is sufficiently extreme for an IIED claim "is not an independent, nonnegotiable standard of behavior. … [I]t depends upon the relationship between [the parties] such that the terms of the CBA are relevant in evaluating the reasonableness or outrageousness of defendants' conduct." [Citations]. Thus, Plaintiff's IIED claim is preempted as it requires analysis and interpretation of multiple provisions of the CBAs.
>
> …
>
> Because Plaintiff's second, third, fourth, sixth, seventh, eighth, ninth, tenth, and twelfth causes of action are preempted by the LMRA, they are dismissed.

*Kroeger*, 2018 WL 1357363, *4-5 (emphasis added). (Dkt. No. 55).

7. In finding NLRA preemption, the Court stated:

> Plaintiff's second, third, sixth, seventh, and twelfth causes of action principally relate to activity that is arguably protected or prohibited by Sections 7 and 8 of the Act. For example, Plaintiff alleges that L3 retaliated because, among other things, he and other employees: (a) complained about alleged non-compliance with the CBA; (b) complained about L3's payment and allocation of overtime; (c) complained about Bantilan's threat to shoot Plaintiff for filing grievances; and (d) engaged in union activities. (Compl. ¶¶ 20, 64-65, 68, 104-106, 135-137, 165-167, 173, 216-217, 226). … Read as a whole, Plaintiff's central contention is that L3 and Bantilan retaliated against him for engaging in NLRA-protected activities. [Citations].
>
> Because Plaintiff's second, third, sixth, seventh, and twelfth causes of action are intertwined with activity that is arguably protected or prohibited by Sections 7 and 8 of the Act, they are preempted and, thus, are dismissed.
>
> Because Plaintiff's second, third, fourth, sixth, seventh, eighth, ninth, tenth, and twelfth causes of action are preempted by the LMRA, they are dismissed.

*Kroeger*, 2018 WL 1357363, *3-4.

8. After the Court's order granting Vertex's motion to dismiss, the only remaining causes of action was for failure to timely produce payroll and personnel records. Thus, the Court remanded the case to state court. (Dkt. No. 56).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**B. <u>Plaintiff Adds a Party and Files an Amended Complaint</u>**

9. In or around December 2019, Plaintiff purported to substitute Paul Sichenzia for a DOE defendant.

10. On March 4, 2020, Plaintiff filed the First Amended Complaint ("FAC") in state court. Plaintiff purports to state claims against Vertex for (1) wrongful termination; (2) retaliation in violation of public policy; (3) disability discrimination; (4) hostile work environment harassment; (5) failure to timely produce payroll and personnel records; and (6) failure to prevent harassment, discrimination, or retaliation. Plaintiff also brings the hostile work environment claim against Sichenzia.

11. A true and correct copy of the FAC and all other pleadings, orders, and documents on file in the state court action are filed with this notice.

## II. <u>REMOVAL IS TIMELY</u>

12. "When pleadings are amended so as to establish federal jurisdiction … a successive removal petition is plainly proper." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188-89 (9th Cir. 2015).

13. The deadline for removal under 28 U.S.C. section 1446 has not begun because removability is not based solely on the four corners of the FAC. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("As long as the … amended pleading … does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time.").

14. Even if removability was apparent on the face of the Complaint, this Notice would be timely because it is filed within thirty (30) days of the filing of the FAC. *See Manos v. The Wolf Firm*, 2018 WL 1737775 (C.D. Cal. Apr. 9, 2018) (the 30-day removal clock runs when the amended complaint is filed); *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000) (removal clock runs "upon the filing of an amended complaint").

## III. <u>VENUE IS PROPER IN THIS DISTRICT</u>

15. Venue is proper in this Court because Plaintiff filed this action in Los

Angeles County Superior Court, which is located within the District and Division of this Court. 28 U.S.C. §§ 84(c)(2), 1391, 1446(a).

## IV. BACKGROUND

### A. The Parties

16. Plaintiff was as an aircraft mechanic for Vertex. (FAC ¶¶ 3, 7). Sichenzia was Plaintiff's supervisor during the relevant time period. (FAC. ¶ 2).

17. Vertex supplies command and control, communications, intelligence, surveillance, and reconnaissance technologies. (FAC ¶ 1).

### B. Plaintiff's Employment History

18. During Plaintiff's employment, he has been subject to collective bargaining agreements negotiated by the International Association of Machinists and Aerospace Workers, AFL-CIO District Lodge 725 and Aeronautical Industrial Local Lodge 727-P ("Union"). (*See* Dkt. Nos. 1-2, ¶¶ 3-4). The Union is a labor organization that is subject to the provisions of the LMRA. *See* 29 U.S.C. §§ 152, 185(a).

19. The Union served as Kroeger's exclusive representative bargaining agent with respect to pay, wages, hours, and terms and conditions of employment during the relevant time period. (Dkt. Nos. 1-2, Exhs. A-B; Dkt. No. 6-1).

20. Throughout his employment, Plaintiff filed numerous contractual grievances regarding the same conduct that gave rise to his original and First Amended Complaint.

21. During the pendency of this litigation, Vertex was in the midst of an investigation into apparent timecard fraud by Plaintiff. (*See* FAC ¶¶ 58-67).

22. On or about March 8, 2018, Vertex placed Kroeger on administrative leave while it completed the investigation. (FAC ¶ 58). After an independent investigation, Vertex determined that Kroeger knowingly recorded and was compensated for hours he did not work. Thus, Vertex terminated Kroeger's employment on or around April 2, 2018. (*See* FAC ¶¶ 67-68).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

23. Kroeger filed a grievance challenging his termination, which eventually proceeded to arbitration. At the arbitration, Kroeger argued that Vertex did not have just cause because his termination was in retaliation for this lawsuit and his various contractual grievances. (Arb. Decision, pp. 5-6).[3]

24. After a two-day hearing, the arbitrator denied Kroeger's grievance, concluding:

> The Employer discharged the Grievant for time card fraud that caused the Employer to mischarge the Government for 52 hours and seven minutes of labor that he did not actually perform. If proved, time card fraud would violate ethical standards established by the Government to which the Employer is bound to adhere. Time card fraud is "as serious as any violation can be" because it implicates the ethical profile of the Company as well as its status as a federal contractor. I find that that the Grievant engaged in time card fraud.

(Arb. Decision, p. 18).

25. The arbitrator recognized that Vertex "compiled a substantial record establishing [Kroeger's] time card fraud" and that Kroeger did not have a shred of evidence … that his discharge was retaliatory." (Arb. Decision, pp. 18, 21).

## V. <u>REMOVAL IS PROPER UNDER THE LMRA</u>

26. This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1331 because it poses a federal question. *See* 28 U.S.C. § 1441; *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 935 (9th Cir. 1986) ("An action within the scope of § 301 is governed by federal substantive law [citation] and is subject to removal to federal court[.]").

27. In evaluating jurisdiction, this Court may look to materials beyond the four corners of the Complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998); *Hawaii ex rel. Louie v. HSBC Bank Nev., NA*, 761 F.3d 1027, 1035 (9th Cir.

---

[3] Vertex filed the Arbitration Decision and a supporting declaration in state court. A copy of these documents are provided along with this notice of removal.

2014).

**A. This Action is Subject to Removal Under the LMRA Because Plaintiff's Claims are Based On and Require Interpretation of a Collective Bargaining Agreement**

28. Section 301 of the LMRA grants federal courts jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization[.]" 29 U.S.C. § 185(a); *see also Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983) ("[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'").

29. "Although the language of § 301 is limited to '[s]uits for violation of contracts,' it has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements." *Builders & Contractors v. Local 302*, 109 F.3d 1353, 1356 (9th Cir. 1997); *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1096-97 (N.D. Cal. 2014) (The LMRA preempts state causes of action that are independent of a labor contract "if a court must interpret…the collective bargaining agreement to resolve the [] claim.").

30. The grievance procedure and decisions of an arbitrator are part of the CBA. *See Murray v. Laborers Local 324*, 55 F.3d 1445 (9th Cir. 1995). Where a plaintiff's claim has progressed through arbitration, the question of "whether that claim is based on a right conferred by the CBA must be considered in light of the arbitrator's decision." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1046 (9th Cir. 2016). Thus, the need to interpret and apply the arbitrator's decision or award supports LMRA preemption. *See id.*

31. During Plaintiff's employment, he has been subject to the above-referenced CBAs. (*See* Dkt. No. 1-2, Exhs. A-B; Dkt. No 6-1). Plaintiff's claims are preempted by Section 301 of the LMRA because they are substantially dependent on interpretation of multiple provisions of these CBAs.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

32. The FAC largely recites the same allegations and claims that this Court found were preempted. However, to evade the import of this Court's preemption findings, Plaintiff omits references to the CBA. The following chart is a small sample of these deceptive revisions:

| **Original Complaint** | **Amended Complaint** |
|---|---|
| Mr. Kroeger, and others, were not afforded their lunch breaks in compliance with California's Labor Code and ***under the Collective Bargaining Agreement***. (Compl. ¶ 20 [emphasis added]). | Kroeger, and other workers were not afforded their lunch breaks in compliance with California labor laws. (FAC ¶ 10). |
| [I]n ***violation of union rules***, Mr. Bantilan prevented Mr. Kroeger from working overtime, while a new, probationary employee was given the overtime. (Compl. ¶ 64 [emphasis added]). | Bantilan prevented Kroeger from working overtime, while a new, probationary employee was given overtime. (FAC ¶ 19). |
| On the second grievance form I sought: To be paid for 14 hours and made whole for the flight time I was scheduled to work on October 14, 2016. … I was discriminated against and denied my schedule[d] flight time on October 14, 2016 ***due to my Union Membership and Union Activity***. L-3 is in ***violation of the Collective Bargaining Agreement … and the National Labor Relations Act***. (Compl. ¶ 105 [emphasis added]). | Defendants subjected Kroeger to adverse employment actions by … by failing to compensate Kroeger for 14 hours of work time caused by his removal from the flight on October 14, 2016[.] (FAC ¶ 95). |
| [T]he third grievance form requested: For L-3 to Cease and Desist from harassing, intimidating, threatening, and discriminating against me ***due to my union membership and union activity***. Investigation will prove | L3 terminated Kroeger after he reported that an employee of L3 threatened to shoot himself or others, after complaining that he was being denied reasonable accommodations, after complaining that he was wrongfully denied work |



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Original Complaint | Amended Complaint |
|---|---|
| Supervisor Pat Bantilan threatened to shoot a couple of subordinates ***because I was going to file a grievance***. This is a criminal threat and a ***violation of the Collective Bargaining Agreement*** … [and] the ***National Labor Relations Act***. (Compl. ¶ 106 [emphasis added]). | assignments and unfairly accused of being "unfit for duty." (FAC ¶ 86). |

33. A plaintiff may not avoid federal court jurisdiction by convenient omission of factual allegations that are central to his claims. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983); *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Plaintiff's omission of references in the FAC to a CBA, union rules, and contractual grievances does not shield it from removal.

34. This Court based its preemption finding on, among other things, allegations related to "(a) failing to grant Plaintiff a light duty work assignment; (b) assigning overtime to probationary employees; (c) assignment to deployments; (d) pay during deployments; (e) "show up" compensation for the day Plaintiff was removed from a flight; and (f) writing up an disciplining Plaintiff." Plaintiff still alleges facts related to each of these topics in the FAC. (*See* FAC ¶¶ 6(c), 18, 19, 31, 49, 94-95).

35. As the chart below demonstrates, Plaintiff identifies a number of allegedly adverse actions, the propriety of which are governed by the CBAs, that are central to his discrimination, harassment, and retaliation claims. For example:

| Retaliation/Adverse Action | CBA Provision |
|---|---|
| Bantilan assigned overtime work to probationary employees rather than Plaintiff. (FAC ¶ 19). | Dkt. No. 1-2, Exh. A, Art. 23.00 (addressing method of assigning overtime to employees, including probationary employees); Exh. B, Art. 7 § 2(E) (same). |





REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Retaliation/Adverse Action | CBA Provision |
|---|---|
| | |
| Refusal to pay Plaintiff deployment premium. (FAC ¶¶ 18, 49). | Dkt. No. 1-2, Exh. A, Art. 21.00 Temporary Duty Assignment (addressing expense reimbursement during Temporary Duty Assignment); Exh. B, Art. 7 §§ 8-9 (same). |
| Failing to compensate Plaintiff for hours and money lost by being removed from a flight. (FAC ¶¶ 6(a), 94-95). | Dkt. No. 1-2, Exh. A, Art. 22.3 Reporting Time and Call Back Time (addressing compensation for employee who reports to scheduled shift for which work is not available); Exh. B, Art. 7 § 6 (same). |
| Failing to schedule Plaintiff for deployments. (FAC ¶¶ 6(c), 31, 49, 95, 107). | Dkt. No. 1-2, Exh. A, Art. 21.00 Temporary Duty Assignments (addressing the method of selecting employees for temporary assignments away from normal work locations); Exh. A Art. 04.00 Management Rights (giving management authority over shifts, performance standards, rules of conduct, just cause discipline, and efficiency); Exh. B Art. 7 § 8 (same). |
| Various forms of disciplining Plaintiff. (FAC ¶¶ 6, 95). | Dkt. No. 1-2, Exh. A, Art. 18.00 Discharge and Disciplinary Action (describing situations in which employer may impose disciplinary action on employees); Exh. B, Art. 1 § 5, Appendix B (same). |

36. To determine if any of the above constitute cognizable adverse actions and/or were based on legitimate non-discriminatory/non-retaliatory factors, the Court must "determine whether [the company] was acting consistently with its duties under the CBA … by interpreting [its] provisions." *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1088; (9th Cir. 1991) *see also Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988) (claims preempted where court must "interpret the CBA to determine the scope of [defendant's] authority" exercised under the agreement). This will require



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the Court to interpret and apply the various provisions of multiple CBAs. *See, e.g.*, *De'Sart v. Pac. Gas and Elec. Co., Inc.*, 2018 WL 3545927, *3-4 (C.D. Cal. July 18, 2019) (LMRA preempts discrimination, retaliation and IIED claims).

37. Thus, Plaintiff's discrimination and retaliation-based claims are preempted and subject to removal. *See, e.g.*, *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (state law claims alleging sex-based discrimination and harassment preempted by Section 301); *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir. 1996) (claims are preempted because plaintiff's "***discrimination claim*** turns on questions of promotion, seniority, and ***assignment to training programs***, all of which are provided for in the CBA. [The employer] will undoubtedly ***rely on the CBA as its legitimate, non-discriminatory reason*** for [Plaintiff's] treatment. When [Plaintiff] then attempts to show that [Defendant's] stated reason is pretextual, the CBA would have to be interpreted[.]") (emphasis added); *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 645 (9th Cir. 1989) ("[T]he claims that [plaintiff] was accused of unsatisfactory work, of being a trouble maker, harassing other employees, and of other dishonest acts all relate to matters of discipline governed by section 12 of the collective bargaining agreement. Because disputes concerning the employment relationship are governed by the collective bargaining agreement, they are preempted by federal labor law."); *Mayfield v. Kaiser Foundation Health Plan, Inc.*, 2009 WL 10671702, *4-5 (C.D. Cal. Oct. 27, 2009) (allegation "that Plaintiffs were terminated because of complaints about their working conditions or underpayment" was preempted because of detailed provisions in CBA covering related topics).

38. Thus, Plaintiff's claims are preempted as they require analysis and interpretation of multiple provisions of the CBAs.

**B. The Court Has Supplemental Jurisdiction Over Any Non-Preempted Claims**

39. To the extent the LMRA does not preempt any claim(s), they are "part of the same case or controversy" as the removable causes of action. *See* 28 U.S.C. § 1367. Thus, this Court has supplemental jurisdiction over all of Plaintiff's claims. *See Bobadilla-German v. Bear Creek Orchards, Inc.*, 641 F.3d 391, 394 (9th Cir. 2011).

## VI. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT

40. Contemporaneously with the filing of this Notice of Removal, Defendants will provide notice of such filing to Plaintiff's counsel of record.

41. A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of Los Angeles, California.

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of Los Angeles to this Court.

Dated: March 31, 2020

REED SMITH LLP

*/S/ Michele Haydel Gehrke*
Michele Haydel Gehrke
Brian K. Morris

Attorneys for Defendants
VERTEX AEROSPACE LLC (formerly known as L3 COMMUNICATIONS VERTEX AEROSPACE, LLC and erroneously sued as L3 TECHNOLOGIES, INC.); PATRICK K. BANTILAN; PAUL SICHENZIA

REED SMITH LLP
A limited liability partnership formed in the State of Delaware